**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| LOUIS SCARAMUZZO,<br><br>   Plaintiff,<br><br>   v.<br><br>PATRICK SCHAUMBURG<br>AUTOMOBILES, et al.,<br><br>   Defendants. | No. 12 CV 2330<br>Judge James B. Zagel |

## MEMORANDUM OPINION AND ORDER

  This is an employment discrimination case brought under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621 *et seq.* Plaintiff alleges that Defendants unlawfully removed him from his position as General Sales Manager of Patrick Cadillac based on his age (Count I), and retaliated against him for refusing to fire older employees on the sales floor (Count II). Plaintiff also brings a claim for breach of contract. Defendants moved to dismiss Counts I and II in their entirety and Count III as to Defendants Hanley Dawson III and Hanley Dawson IV. Plaintiff moved to voluntarily dismiss Defendants Patrick, LLC and the individual Dawson defendants with leave to reinstate pending the completion of discovery. That motion is granted. Consequently, this opinion concerns only Defendants' motion to dismiss Counts I and II against Patrick Schaumburg automobiles.

Analysis

  Defendants' motion to dismiss Counts I and II against Patrick Schaumburg Automobiles is based on an absurd theory that an employer can insulate itself from the federal anti-discrimination laws by failing to define an employee's position title or responsibilities in the

employment contract.  Specifically, Defendant argues that the provision, "Employer hereby employs the Employee and Employee hereby accepts such employment, subject to the direction of Employer," in its contract with Plaintiff meant, effectively, that nothing Defendant did to Plaintiff could constitute an adverse employment action.  Taken to its logical conclusion, under Defendants' theory employers could evade federal law and openly discriminate against employees by simply drafting vague contracts.  Quite obviously, there is no basis for this theory in the law—it is certainly not what *Lucero v. Nettle Creak School Corporation*, 566 F.3d 720 (7th Cir. 2010), stands for.

    Plaintiff has more than adequately alleged discrimination and retaliation under the ADEA.  Defendants' motion to dismiss Counts I and II against Patrick Schaumburg Automobiles is denied.  Plaintiff's motion to voluntarily dismiss Defendants Patrick, LLC and the individual Dawson defendants with leave to reinstate pending discovery is granted.

                               ENTER:

                               James B. Zagel
                               United States District Judge

DATE: December 5, 2012